[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13800
Non-Argument Calendar

_____

D. C. Docket No. 06-20013-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEY LEE LITTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2007)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Harvey Lee Little appeals his convictions for possession with intent to

distribute marijuana and possession of a firearm by a convicted felon.  He contends on appeal that he was denied a fair trial because the district court (1) erroneously admitted irrelevant and prejudicial evidence; and (2) erred when it refused to give the jury that convicted him an instruction on the defense of entrapment.

(1)

At Little's trial, the government presented evidence that Little met a confidential informant ("CI") and an undercover agent on a neighborhood street where Little produced marijuana and a pistol, and offered to sell these items to them.  During this encounter, the three discussed a possible home invasion robbery to steal cocaine, at the suggestion of the undercover agent.  At trial, Little objected when the agent began to describe how the robbery would take place.  Little argued that the evidence was not only irrelevant, but also that its probative value was substantially outweighed by its prejudice, and therefore inadmissible pursuant to Fed. R. Evid. 403.  The court sustained the objection and provided the jury with a limiting instruction.  Little did not object to this instruction, which informed the jury not only that Little was not charged with such an offense, but also that such an offense was never actually committed.  Little now argues that the admission of this evidence rendered his trial unfair, as it involved a serious crime that tended to suggest his guilt on an inappropriate basis.

2

After a careful review of the record, as well as the parties' briefs, we find no reversible error. Rule 403 is an "extraordinary remedy . . . which should be used sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004), quoting *United States v. Fallen*, 256 F.3d 1082, 1091 (11th Cir. 2001)). The court cured any unfair prejudice it caused when it told the jury that Little was not charged with the planned robbery. Any unfair prejudice that might have existed was mitigated by the district court's limiting instruction, which the jury is presumed to follow. *See United States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006), *petition for cert. filed*, (March 14, 2007) (No. 06-10149). Moreover, any error would be harmless as there was more than sufficient evidence in the record to support Little's conviction without considering the evidence of the planned robbery.

(2)

We also find no merit to Little's argument that the district court erred when it refused to give the jury instruction on entrapment.

Little testified that the confidential informant had called him at least 200 times, for more than two years, to try to sell him guns and drugs, and that he was therefore entitled to a jury instruction on entrapment. In order to warrant an instruction on entrapment, a defendant must provide "evidence sufficient to raise a

3

jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." *United States v. Alston*, 895 F.2d 1362, 1367 (11th Cir. 1990). The entrapment defense consists of two elements: (1) "government inducement of the crime," and (2) lack of predisposition on the part of the defendant." *United States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002).

As to the marijuana count, even viewing the evidence in a light most favorable to Little, the district court did not err by finding that Little was "ready, willing [,] and able to break the law," and the government merely provided an opportunity. Little, who had previously been convicted of possession with intent to distribute marijuana when he was found with "59 small baggies" of marijuana, did not resist the transaction while speaking to the detective on the day of the offense. In addition, Little himself testified that he had regularly purchased marijuana from the CI.

As to the firearm count, since Little withdrew his request for an entrapment instruction, the issue is waived and we will review it only for plain error. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). Little does not point us to any current law that would make the failure to give an entrapment instruction, in the absence of a request to do so, reversible

4

error.  Nor are we able to find that the failure to give the instruction at Little's trial affected his substantial rights.   Therefore, there is no plain error.

After considering the two issues presented by Little on appeal, we find that he was not denied a fair trial.

**AFFIRMED.**